*153 OPINION.
Littleton:
The only issues in this proceeding upon which evidence was submitted are whether the Commissioner erred in his determination that the March 1, 1913, value of the petitioner’s undivided one-half interest in the farm was $145 an acre and whether the cancellation of the rental due for his one-half interest for the years 1913, 1914, and 1915, amounting to $1,440, constituted a part of the purchase price paid for the remaining one-half interest.
Petitioner alleged in an amended petition that a first mortgage in the amount of $24,600 and bearing interest at 5 per cent taken as a part of the sales price for the property in 1920 had no fair market value and should not, therefore, have been included as a part of the sales price in determining gain or loss. No evidence was submitted upon this point and no mention was made thereof in the brief filed. There was some testimony introduced to the effect that the fair *154 market value of petitioner’s one-half interest in the property on March 1, 1913, was $150 an acre, but in the proposed findings of fact submitted by the petitioner the Board is asked to find a fair market value on March 1, 1913, of $145 an acre, and w.e believe from a consideration of all the testimony that the value of $145 an acre was the fair market value of the property on March 1, 1913, and we have so found. This is the March 1,1913, value found by the Commissioner. While the consideration mentioned in the contract of sale and the deed of transfer of the one-half interest in the property to the petitioner was $145 an acre, the evidence shows that the consideration paid by the petitioner in 1915 for a one-half interest in this property was $145 an acre plus the amount of $1,440 rental accrued to the date of the transfer. The cost to petitioner, therefore, of the one-half interest acquired in 1915 was $13,040.
Judgment will be entered on 15 days’ notice, u/nder Bule 50.